# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JACOB SMITH, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) No. 6:17-03209-CV-RK |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the [Administrative Law Judge's ("ALJ")] decision." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and

conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: diabetes with neuropathy and bilateral carpal tunnel syndrome. The ALJ also determined that Plaintiff's mental impairments of bereavement, anxiety, and cannabis disorder were nonsevere. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with a number of physical limitations. The RFC did not include any mental limitations. Finally, the ALJ found that Plaintiff had no past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal Plaintiff questions whether substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were nonsevere. Alternatively, Plaintiff argues that even if such finding is supported by substantial evidence, the ALJ nonetheless erred in failing to include any mental limitations in the RFC. The Court finds that the ALJ's decision that Plaintiff's mental impairments were nonsevere is supported by substantial evidence.[1] Additionally, the Court notes

---

[1] "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's . . . mental ability to do basic work activities. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). While severity "is not an onerous requirement for the claimant to meet" it is "not a toothless standard[.]" *Id.* Plaintiff primarily argues that the ALJ's decision was not supported by substantial evidence because the ALJ failed to consider consistent reported symptoms of mental health imparments. However, the ALJ cited substantial evidence supporting his finding. (Doc. 5-3 at 15.) Additionally, the Court cannot tell that the history of mental health in this case equates to the "extensive" medical record that was present in *Runge v. Astrue*, 2011 U.S. Dist. LEXIS 84945, at *10 (W.D. Mo. Aug. 2, 2011), which Plaintiff cites for the proposition that this case requires remand. Here, the Plaintiff refused mental health treatment, stated that medicine helped his anxiety, denied anxiety and depression, and testified that he was not currently seeing any mental health professional. *See Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("an ALJ may properly consider the claimant's noncompliance with a treating physician's directions . . . including failing to take prescription medications, [and] seek treatment.) (citations omitted); *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009) ("An impairment which can be controlled by treatment or medication is not considered disabling.") (citation omitted); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) ("The absence of any evidence of ongoing counseling or psychiatric treatment or of deterioration or change in [a claimant's] mental capabilities disfavors a finding of disability."). The Court also finds that the ALJ properly weighed the medical opinions of record.

that the record reflects that even when the ALJ added mental limitations to the hypothetical posed to the vocational expert, the expert testified that the individual would remain able to perform the jobs he previously identified.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 21, 2018